**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ADONIS CONSTANTINOVICI,

                    Petitioner,

v.

PAMELA BONDI, ATTORNEY GENERAL et al.,

                    Defendants.

Case No.:  3:25-cv-02405-RBM-AHG

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

**[Doc. 17]**

Pending before the Court is Petitioner Adonis Constantinovici's ("Petitioner") Motion for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"). (Doc. 17.)  Respondents filed a Response in Opposition to Petitioner's Motion for Attorney Fees ("Opposition") on February 12, 2026. (Doc. 19.)  Petitioner did not file a reply rebutting any of Respondents' arguments.  For the reasons set forth below, the Motion is **GRANTED IN PART**.

## I.     BACKGROUND

On September 15, 2025, Petitioner filed a counseled Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") challenging his immigration detention as unlawful under the Fifth Amendment's Due Process Clause, the Immigration and

Nationality Act ("INA"), 8 U.S.C. §§ 1231(a)(1)–(3), the Administrative Procedure Act, and applicable regulations.  (Doc. 1 ¶¶ 91–105; Doc. 9 at 6–8.)  The Court granted the Petition and ordered Petitioner to be released from ICE custody on October 10, 2025.  (Doc. 15.)  In doing so, the Court found that U.S. Immigration and Customs Enforcement ("ICE") failed to follow its own procedural regulations in re-detaining Petitioner, thereby violating his due process rights.  (*Id*. at 10–12.)

## II.    LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") authorizes awards of attorney fees and expenses in civil actions against the United States.  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, district courts "award 'reasonable attorney fees' to 'a prevailing party other than the United States' in 'any civil action (other than cases sounding in tort)' that are 'brought by or against the United States,' 'including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'"  *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1363 (9th Cir. 2024) (quoting 28 U.S.C. § 2412(d)(1)(A), (2)(A)).  "It is the government's burden to show that its position was substantially justified" to avoid a fee award under EAJA.  *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)).

"Once a plaintiff has shown an entitlement to 'reasonable' attorneys' fees under the EAJA or another statute, it 'remains for the district court to determine what fee is reasonable.'"  *Nerio Mejia*, 120 F.4th at 1364 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The EAJA permits fee awards "based upon prevailing market rates for the kind and quality of the services furnished."  28 U.S.C. § 2412(d)(2)(A).  Rates are statutorily capped at $125 per hour, which the Ninth Circuit adjusted to $258.46 per hour for work performed in 2025.  *See* Statutory Maximum Rates Under the EAJA, U.S. Courts for the Ninth Circuit, https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited June 15, 2026).

//

//

2

### III.  DISCUSSION

Petitioner seeks an award of $28,264.66—$26,125.00 in attorney fees and $2,139.66 in costs and other expenses—and submits the Declaration of Attorney Nico Ratkowski, his counsel, as support.  (Doc. 17 at 1; *see* Doc. 17-4 ["Ratkowski Decl."] (reflecting time entries associated with the present action).)  Respondents do not oppose Petitioner's entitlement to an award of attorney's fees but instead argue that the fee award requested is unreasonable.  (*See* Doc. 19 at 6–7, 17.)

Because Petitioner obtained a judgment finding that his immigration detention was unlawful, and in the absence of any opposing arguments (*see* Doc. 19 at 7), Petitioner is a prevailing party entitled to an award of attorney's fees under the EAJA.  *See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding a plaintiff who receives at least some relief on the merits of his claim qualifies as a prevailing party).  The Court now addresses whether the amount of the requested award is reasonable.

### A.    Reasonableness of Hourly Rate

Petitioner's counsel, Mr. Ratkowski, seeks an enhanced hourly fee rate of $500 per hour, which Petitioner claims is justified because Mr. Ratkowski "has distinctive knowledge and specialized skill in immigration law and, in particular, constitutional immigration law and litigation involving the rights of detained immigrants, especially those detained under 8 U.S.C. § 1231(a)."  (Doc. 17-3 at 11–12.)  Petitioner also provides the Declaration of Tiffany Constantinovici, Petitioner's wife, in which Mrs. Constantinovici attests that she "call[ed] every attorney [she] could find" but every attorney told her "all [she] could do was wait for [her] husband to be deported."  (Doc. 17-6 ["Constantinovici Decl."] ¶ 2.)  Respondents argue that Petitioner's counsel is not entitled to a special factor enhancement because the practice of immigration law generally is not viewed as a specialty meriting a special factor adjustment, and counsel's knowledge of immigration law was not necessary to prevail in this litigation.  (Doc. 19 at 11–17.)

"The amount of attorneys' fees awarded under EAJA must be reasonable."

3

*Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009). The statutory maximum hourly rate applies "unless the court determines that . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A court may award a "special factor" enhancement of hourly rates when a party demonstrates that some distinctive knowledge or specialized skill was needed for the litigation in question, and other counsel with those skills was not available at the statutory rate. *Nadarajah*, 569 F.3d at 912; *see Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("Where such qualifications are necessary and can be obtained only at rates in excess of the [statutory] cap, reimbursement above that limit is allowed."). Distinctive knowledge or specialized skills include "an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce*, 487 U.S. at 572. In the immigration context, "immigration law expertise, by itself, [does not] justif[y] the award of enhanced hourly rates, without a showing that the attorney[ ] possess[es] distinctive knowledge or specialized skill necessary to this litigation. . . ." *Nadarajah*, 569 F.3d at 913. "However, enhanced rates have been awarded in immigration cases where counsel established that 'knowledge of foreign cultures or of particular esoteric nooks and crannies of immigration law . . . was needed to give the [noncitizen] a fair shot at prevailing.'" *Cath. Soc. Servs., Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1073 (E.D. Cal. 2011) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005)). Petitioner bears the burden of proving these requirements. *Anh Tuyet Thai v. Saul*, Case No.: 18cv2647-JAH-RBM, 2020 WL 4697971, at *2 (S.D. Cal. Aug. 13, 2020) (citing *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005)).

In *Nadarajah*, the Ninth Circuit found that a case concerning post-removal immigration detention "did not involve merely a 'straightforward application' of the rules of immigration law and appellate practice." 569 F.3d at 913 (quoting *Thangaraja*, 428 F.3d at 876). The district court in the underlying litigation "took the fairly unusual step of ordering the immediate release of the [petitioner], who had been detained more than four years despite being granted withholding of removal at the administrative level." *Id.*

Like in *Nadarajah*, the instant action did not merely involve a "straightforward application" of immigration law. *See id.* In resolving the Petition, the Court requested additional documentation and held a hearing to aid in its determination of the issues presented. The Court then applied constitutional case law as well as statutory and regulatory analysis to the re-detention of a noncitizen subject to a final removal order who had been previously released under an order of supervision and was re-detained several years later. *See Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1162–66 (S.D. Cal. 2025). The Court concluded that "ICE violated Petitioner's due process rights in revoking Petitioner's release without complying with the applicable statutory and regulatory provisions that afford fundamental procedural safeguards to noncitizens" in post-removal proceedings. *Id.* at 1161. In doing so, the Court rejected Respondents' proposed interpretation of applicable regulations that would not require procedural safeguards when revoking the release of a noncitizen who had not violated any conditions of release. *Id.* at 1162–63. Thus, Mr. Ratkowski's specific expertise in "constitutional immigration law and litigation involving the rights of detained immigrants . . . under 8 U.S.C. § 1231(a)" was needed to obtain Petitioner's release in this litigation. (*See* Doc. 17-3 at 11–12.)

Respondents argue that "[t]he sheer number of these [habeas] proceedings demonstrates that immigration habeas matters are routine." (Doc. 19 at 12.)[1] But at the time the Court issued its decision in this action, the unprecedented influx of immigration habeas cases filed in federal district courts across the country had only recently begun. In fact, the Court's ruling in this action resulted in a published decision that has been cited in more than 290 other cases to date. *See generally Constantinovici*, 806 F. Supp. 3d at 1155; *see also Nadarajah*, 569 F.3d at 913 (noting the underlying litigation "was an unusual and complex case which required a 58–page brief and resulted in a significant 15–page

---

[1] Although Respondents cite several cases in support of this contention (*see* Doc. 19 at 12), none of Respondents' cited cases concern post-removal detention and revocation of supervisory release at issue in this case.

5

3:25-cv-02405-RBM-AHG

published decision that is cited thus far in more than 70 other cases and 20 treatises or articles."). The Court therefore finds that Mr. Ratkowski's experience with habeas issues specifically concerning post-removal detention was distinctive knowledge necessary to give Petitioner "a fair shot at prevailing" on the Petition. *See Thangaraja*, 428 F.3d at 876 (quoting *Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004)).

While Mr. Ratkowski's specific expertise in immigration law merits some adjustment, his requested market rate of $500 per hour is almost double the Ninth Circuit's adjusted EAJA statutory rate for 2025. *See* Statutory Maximum Rates Under the EAJA, U.S. Courts for the Ninth Circuit, https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited June 15, 2026) (listing the 2025 maximum rate as "$258.46"). Because Mr. Ratkowski's distinctive knowledge is limited to his expertise in immigration law, and as Petitioner did not address Respondents' arguments opposing the fee request, the Court finds a limited enhancement of $100 above the statutory rate is appropriate. *See INS v. Jean*, 496 U.S. 154, 163 (1990) (noting that courts have "substantial discretion in fixing the amount of an EAJA award."); *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."). Accordingly, the Court finds an enhanced billing rate of $358.46 per hour is reasonable.[2]

**B.      Reasonableness of Hours**

Petitioner's counsel requests attorney's fees for 3,135 minutes (52.25 hours) worked in this action. (Doc. 17-3 at 11.) Respondents argue that hours Mr. Ratkowski billed for time he spent traveling to the hearing held on October 1, 2025, and clerical work were

---

[2]   The Court only applies the enhanced rate to the hours which require distinctive knowledge and skill. *See Richard T. L. v. Dudek*, Case No.: 23-cv-640-DDL, 2025 WL 1222435, at *7 (S.D. Cal. Apr. 28, 2025) ("The Court declines to award fees for counsel's preparation of the reply brief in support of the EAJA motion."). As such, the 530 minutes (8.83 hours) spent on preparing the instant Motion will be billed at the statutory rate of $258.46, for a total of $2,283.06. (*See* Ratkowski Decl. [Doc. 17-4] ¶¶ ll–nn.)

3:25-cv-02405-RBM-AHG

unreasonable and unnecessary.  (Doc. 19 at 8–10.)  The Court agrees.

Courts apply the "lodestar" method to determine what constitutes a reasonable attorney's fee in civil rights cases.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley*, 461 U.S. at 433).  To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."  *Costa*, 690 F.3d at 1136 (cleaned up).  However, time spent on work that is "excessive, redundant, or otherwise unnecessary" is not compensable.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "[P]urely clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them."  *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (alterations omitted) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).  Indeed, the "dollar value [of such non-legal work] is not enhanced just because a lawyer does it."  *Id*. (quoting *Jenkins*, 491 U.S. 274, 288 n.10 (1989)) (alterations in original).  "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."  *Nadarajah*, 569 F.3d at 921; *see Davis* , 976 F.2d at 1543 ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.").

Here, Petitioner's counsel lists several clerical tasks in his itemized billing record including filing, printing, sending electronic correspondence, and document organization. (*See* Ratkowski Decl. [Doc. 17-4] ¶¶ 1(b), (e), (j), (l), (p), (w).)  Such tasks are clerical in nature.  *See Nadarajah*, 569 F.3d at 921 (finding "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates.").  The Court therefore reduces the amount of reasonable time billed by 100 minutes.

Moreover, as Respondents note, Mr. Ratkowski billed 950 minutes in travel-related time which includes 815 minutes for "actual travel time" and 105 minutes for "time he

3:25-cv-02405-RBM-AHG

spent arranging his travel, including (t) researching hotel and air fare options; (u) booking the flight; and (v) making a hotel reservation." (Doc. 19 at 9 (citing Ratkowski Decl. [Doc. 17-4] ¶¶ 1(t)–(v)).) The Court finds that time expended on travel arrangements is clerical in nature and will not award fees for time researching hotel and air fare options, booking the flight, and making a hotel reservation. (*See* Ratkowski Decl. [Doc. 17-4] ¶¶ t, u, v.) The Court therefore reduces the amount of reasonable time billed by 105 minutes.

As to Mr. Ratkowski's "actual travel time," and for the reasons discussed below, "the [C]ourt finds that it is reasonable to reduce the hourly rate for travel time by half." *Hamdi v.USCIS*, No. EDCV 10-00894 VAP(DTBx, 2012 WL 13135301, at *1 (C.D. Cal. Dec. 5, 2012), *amended on reconsideration in part sub nom. Hamdi v. USCIS*, EDCV 10-00894 VAP(DTBx), 2013 WL 12384154 (C.D. Cal. Feb. 15, 2013) (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Albee v. Cont'l Tire N. Am., Inc.*, No. CIV. S–09–1145 LKK/EFB, 2011 WL 997019, at *2 (E.D. Cal. Mar. 17, 2011)). The Court therefore reduces the amount of actual travel time billed (815 minutes) to 407.5 minutes which will be billed at the statutory rate of $258.46. (*See supra* n.2.)

## C.    Litigation Expenses and Costs

Petitioner seeks to recover $2,139.66 in expenses, including $1,910.66 in travel expenses ($1,621.51 for a roundtrip flight and $289.15 for one night of lodging) and $229 in filing fees. (Doc. 17-3 at 18.) Respondents contend that "travel costs . . . incurred to be physically present at a brief oral argument and to meet briefly with Petitioner's wife . . . were unnecessary" and "inherently unreasonable" given the option to request a remote hearing, "availability of local counsel, and counsel's duty to minimize undue expenses . . . ." (Doc. 19 at 9.)

Under the EAJA, a prevailing party may recover litigation expenses and costs. *See* 28 U.S.C. § 2412(a)(1), (d)(1)(A). Any costs and expenses incurred in a case "that are ordinarily billed to a client" are recoverable, including travel-related expenses. *See Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (listing examples such as travel expenses, postage, and telephone calls).

In this case, Mr. Ratkowski traveled from Minnesota to attend an in-person hearing held before this Court on October 1, 2025, which concerned the Petition and the Emergency Motion for Temporary Restraining Order. (Doc. 17-3 at 7.) Although it was within Petitioner's rights to request a remote hearing, a remote hearing was not guaranteed because such a request would have required this Court's approval.

Petitioner was principally represented by Mr. Ratkowski, his out-of-state counsel, but "[d]ue to local rules requiring local counsel, Petitioner, through Mr. Ratkowski, also hired Ms. Sabrina Damast as local counsel." (Doc. 17-3 at 7.) Petitioner fails to explain why his local counsel could not be relied on to reduce travel costs. Even so, the Court acknowledges that Petitioner was only able to find counsel with the requisite experience willing to represent him in Minnesota and Mr. Ratkowski traveled to attend the in-person hearing on a short-notice. (*See* Doc. 17-6 ["Constantinovici Decl."] ¶ 2.) As Petitioner failed to oppose this argument, the Court finds that a 10% reduction of the requested travel-related costs and expenses ($191.07) is appropriate. Thus, $1,719.60 out of the $1,910.66 requested travel expenses is recoverable along with $229 in filing fees, for a total of $1,948.60 in recoverable expenses.

**D.     Total Fee Award**

For the reasons previously discussed, the Court finds as follows:

1. Petitioner's counsel reasonably expended 2,522.50 minutes out of the 3,135 minutes billed on this litigation.

2. 530 minutes expended on the instant Motion and 407.5 minutes expended on travel (15.63 hours) shall be billed at the statutory rate $258.46 per hour, for a total of $4,038.44. (*See supra* n.2.)

3. 1,585 minutes (26.42 hours) shall be billed at the enhanced rate of $358.46 per hour, for a total of $9,469.32.

Applying the lodestar method, the total fee award for Mr. Ratkowski's hours amounts to $13,507.76. In addition to the reasonable requested costs and expenses incurred in this litigation ($1,948.60), the total fee award in this case amounts to $15,456.36.

9

3:25-cv-02405-RBM-AHG

## IV.   CONCLUSION

Based on the foregoing reasons, Petitioner's Motion (Doc. 17) is **GRANTED IN PART**.   Petitioner is **AWARDED** fees and costs under the EAJA in the amount of $16,135.52.

**IT IS SO ORDERED**.

DATE:  July 13, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-02405-RBM-AHG